77 P.3d 988

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael Wayne JONES, Defendant–Appellant.**

No. 28385.

Court of Appeals of Idaho.

Sept. 22, 2003.

**300**

Molly J. Huskey, State Appellate Public Defender; Julie Dawn Reading, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Michael Wayne Jones appeals from the sentence imposed upon his plea of guilty to aggravated assault. He contends that the State violated its plea agreement in the sentencing recommendation made by the State. Because we conclude that the prosecutor did not honor the plea agreement, we vacate Jones's sentence and remand for resentencing.

## I.

## BACKGROUND

As a result of a beating that Jones inflicted on his wife, he was charged with domestic battery, Idaho Code §§ 18–903, –918, and aggravated assault, I.C. §§ 18–901, –905. Jones entered into a plea agreement by which he agreed to plead guilty to aggravated assault. In return, the State agreed to dismiss the domestic battery charge and to recommend that, upon imposing sentence, the court retain jurisdiction over Jones pursuant to I.C. § 19–2601(4). That statute authorizes a trial court to retain jurisdiction over a criminal defendant for 180 days following sentencing, during which time the defendant will be incarcerated and evaluated by the Department of Correction. At the end of the retained jurisdiction period, the court may suspend the sentence and place the defendant on probation or, alternatively, relinquish jurisdiction and thereby require that the defendant serve the balance of his sentence of incarceration. I.C. § 19–2601; *Thorgaard v. State*, 125 Idaho 901, 904, 876 P.2d 599, 602 (Ct.App.1994); *McDonald v. State*, 124 Idaho 103, 105, 856 P.2d 893, 895 (Ct.App.1992). Thus, the sentencing recommendation that the prosecutor promised to make in Jones's case contemplated the possibility that Jones could be placed on probation after service of the 180–day period.

At Jones's sentencing hearing, the prosecutor began her sentencing recommendation with the following comments:

Well, Your Honor, I have to say that I've been doing research or been involved in the area of domestic violence pretty much since my senior year of high school and this is probably one of the most disturbing

cases I've ever dealt with, read about, seen, been involved in, so it's really as—it's a very emotional case for me to talk about, and so I'll try to do my best to keep it together.

She then addressed the court at length, emphasizing the violence of the present offense, Jones's history of violence, and his refusal to take responsibility for his numerous offenses. She concluded her comments as follows:

> And certainly I think [the presentence investigator] when he talks about, makes the recommendation that supervised probation is not recommended because Mrs. Jones needs to be protected, not just Mrs. Jones but those four children need to be protected from this violent man. And I think of the comment that no rehabilitation can occur until he realizes the seriousness of his unlawful behavior and that goes back to the 1992 incident.
>
> He doesn't accept responsibility for any of this behavior and this is just—this is—I think it's disgusting the way he has behaved and continues to not accept responsibility. Definitely there appears to be an alcohol problem which exacerbates the violence concerns. I originally, when we had the prelim[inary hearing], had offered that I would recommend retained jurisdiction. I'm bound by that. Certainly the court will do what Your Honor feels is appropriate. I did not know all the information I do know now and I will just leave that with the court. Thank you.

Jones's counsel did not object to the prosecutor's comments. The district court then imposed a unified sentence of five years with three and one-half years determinate and did not retain jurisdiction.

## II.

## ANALYSIS

Jones appeals, contending that he is entitled to be resentenced because the prosecutor's remarks at the sentencing hearing violated the plea agreement. He argues that the prosecutor gave mere lip service to the promised recommendation of retained jurisdiction while simultaneously undermining that recommendation with her lengthy portrayal of Jones as violent and deceitful and with her comment that she had agreed to the retained jurisdiction recommendation before becoming aware of all the information that was known at sentencing. Alternatively, Jones argues that his sentence is excessive and that the trial court erred in denying his motion for a reduction of the sentence. Because we conclude that the prosecutor breached the plea agreement and that resentencing is therefore required, we do not address Jones's challenges to the length of the sentence.

Jones did not object to the prosecutor's statements at sentencing nor later file a motion for relief in the trial court. Ordinarily, this Court will not address an issue that was not initially presented to the trial court. *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct.App.1998); *Remington v. State*, 127 Idaho 443, 448, 901 P.2d 1344, 1349 (Ct.App.1995). Nevertheless, because a breach of a plea agreement is fundamental error, a claim of such a breach may be considered for the first time on appeal if the record provided is sufficient for that purpose. *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct.App.2002); *State v. Brooke*, 134 Idaho 807, 809, 10 P.3d 756, 758 (Ct.App. 2000). Here, the transcript of the trial court proceedings adequately discloses the terms of the plea agreement, and we are therefore able to address Jones's claim of prosecutorial breach.

It is well established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971). This principle is derived from the Due Process Clause and the fundamental rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson*, 467 U.S. 504, 508–09, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437, 442–43 (1984); *State v. Rutherford*, 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). If the prosecution has breached its promise given in a plea agreement, whether that breach was intentional or inadvertent, it cannot be said

that the defendant's plea was knowing and voluntary, for the defendant has been led to plead guilty on a false premise. In such event, the defendant will be entitled to relief. *Santobello*, 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433; *Mabry*, 467 U.S. at 508–09, 104 S.Ct. at 2546–47, 81 L.Ed.2d at 442–43; *Fuhriman*, 137 Idaho at 744, 52 P.3d at 889; *State v. Richards*, 127 Idaho 31, 39, 896 P.2d 357, 365 (Ct.App.1995). As a remedy, the court may order specific performance of the agreement or may permit the defendant to withdraw the guilty plea. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433; *State v. Kennedy*, Docket No. 28565, 139 Idaho 244, 76 P.3d 988, 2003 WL 21054323 (Ct.App. May 12, 2003); *State v. Seaman*, 125 Idaho 955, 957, 877 P.2d 926, 928 (Ct.App.1994); *Rutherford*, 107 Idaho at 916, 693 P.2d at 1118.

The prosecution's obligation to recommend a sentence promised in a plea agreement does not carry with it the obligation to make the recommendation enthusiastically. *United States v. Benchimol*, 471 U.S. 453, 455, 105 S.Ct. 2103, 2104, 85 L.Ed.2d 462, 465 (1985); *United States v. Canada*, 960 F.2d 263, 270 (1st Cir.1992); *United States v. Badaracco*, 954 F.2d 928, 941 (3rd Cir.1992); *State v. VanBuren*, 101 Wash.App. 206, 2 P.3d 991, 995 (2000). A prosecutor may not circumvent a plea agreement, however, through words or actions that convey a reservation about a promised recommendation, nor may a prosecutor impliedly disavow the recommendation as something which the prosecutor no longer supports. *Canada*, 960 F.2d at 270; *Badaracco*, 954 F.2d at 941; *VanBuren*, 2 P.3d at 995. Although prosecutors need not use any particular form of expression in recommending an agreed sentence, "their overall conduct must be reasonably consistent with making such a recommendation, rather than the reverse." *Canada*, 960 F.2d at 269.

Circumstances analogous to those presented here occurred in *State v. Lankford*, 127 Idaho 608, 903 P.2d 1305 (1995), where the defendant was convicted of two counts of first degree murder. Before the defendant was sentenced, the State agreed to recommend an indeterminate life sentence (the most lenient sentence possible for first degree murder) in exchange for his testimony against his co-defendant. Despite this sentencing recommendation, the defendant was originally sentenced to death, but that sentence was vacated on appeal. At the resentencing hearing, the State recommended an indeterminate life sentence, but then presented extensive evidence in aggravation, including evidence that the defendant had been a disruptive inmate, evidence that he must have been a more active participant in the murders than he admitted to being, and a psychologist's testimony that the defendant was a poor candidate for rehabilitation. In addition to this evidence, the prosecutor presented argument that the defendant was highly culpable, manipulative and dangerous. On appeal, the Idaho Supreme Court held that the State had violated the plea agreement by making a presentation at the sentencing hearing that was inconsistent with its promise to recommend leniency. The Court stated:

> Allowing the state to make the arguments and introduce the evidence in aggravation to the extent that was done was reversible error, because it was so fundamentally at odds with the position the state was obligated to recommend that it amounted to a violation of the agreement. In this case the state was bound to a plea agreement for the minimum sentence that could be imposed. The evidence and arguments submitted by the state clearly called for a greater sentence.

*Id.* at 617, 903 P.2d at 1314. Consequently, the Supreme Court ordered that the defendant be resentenced before a different judge who had not heard the improper evidence and argument. *Id.* at 618, 903 P.2d at 1315.

The Wisconsin Court of Appeals confronted a case that is factually similar to that before us in *State v. Poole*, 131 Wis.2d 359, 394 N.W.2d 909 (Ct.App.1986), where the defendant had agreed to plead guilty in exchange for the State's recommendation of a fine of $1,500. At sentencing, the prosecutor recommended the fine, but then noted that this recommendation was agreed upon "before we knew of the other instances. But that is our agreement." *Id.* The "other in-

 

stance" to which the prosecutor referred was a separate case in which the defendant's probation had been revoked. In examining the propriety of the prosecutor's conduct, the appellate court considered numerous opinions from other jurisdictions that had found prosecutorial breaches of plea agreements where the prosecutor may have technically made the agreed recommendation but also conveyed reservations about it. The *Poole* court concluded that the state's "use of qualified or negative language in making the sentence recommendation" violated the plea agreement. *Id.* at 911. The Wisconsin court deemed impermissible the prosecutor's comments which implied that circumstances had changed since the plea bargain was made, and that the state would not have made the same agreement if it had known of the other instances of defendant's misconduct. The court ruled that "[a] comment which implies reservations about the recommendation 'taint[s] the sentencing process' and breaches the agreement." *Id.* (quoting *Matter of Palodichuk*, 22 Wash.App. 107, 589 P.2d 269, 271 (1978)). *See also Canada*, 960 F.2d at 270, 271 ("While a prosecutor normally need not present promised recommendations to the court with any particular degree of enthusiasm, it is improper for the prosecutor to inject material reservations about the agreement to which the government has committed itself.")

The principles expressed in the foregoing cases lead inescapably to the conclusion that the prosecutor in the present case violated the plea agreement. Like the State's arguments in *Lankford*, the prosecutor's comments here were "fundamentally at odds" with the State's promised sentencing recommendation, which called for leniency. Although the prosecutor uttered the recommendation required by the plea agreement, her other statements effectively disavowed the recommendation of retained jurisdiction and advocated a harsher sentence. Consequently, Jones did not receive the benefit of his plea bargain.

As relief, Jones requests resentencing. Accordingly, we vacate the sentence imposed and remand the case for resentencing before a different judge.

Judge PERRY and Judge GUTIERREZ concur.