92 P.3d 549

STATE of Idaho, Plaintiff–Respondent,

v.

David DAUBS, Defendant–Appellant.

No. 28225.

Court of Appeals of Idaho.

Feb. 24, 2004.

Review Denied June 18, 2004.

Molly J. Huskey, State Appellate Public Defender; Julie Dawn Reading, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

David Daubs appeals from his judgment of conviction and sentence entered upon his guilty plea to sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18–1508A(a). We vacate Daubs' sentence and remand for resentencing.

## I.

### FACTUAL AND PROCEDURAL SUMMARY

Daubs, while staying at a relative's house in Pocatello, provided wine coolers to the two

daughters of his host, and subsequently fondled one of the girls, aged thirteen, and had intercourse with the other, aged sixteen. Daubs accepted a plea agreement in which he pled guilty to a charge of sexual battery for having intercourse with the older girl in return for a dismissal of the sexual abuse charge arising from his fondling of the other child, as well as the state's agreement to recommend that the district court retain jurisdiction.

At sentencing, the state acknowledged that the prosecutor originally assigned to the case had agreed to recommend that Daubs receive no more than a rider. The new prosecutor then directed the court's attention to the presentence investigation (PSI) report, which recommended prison, and advised the court that the victims' parents were present and had prepared comments they wished to deliver. She further prefaced the testimony of the victims' parents by expressing the belief that, "They're better able than I am to explain the horrific consequences that this crime has had on them, their daughters, and their entire family."

The court acknowledged the state's recommendation that jurisdiction be retained and then sentenced Daubs to a unified term of fifteen years, with five years determinate. Daubs filed a Rule 35 motion for reduction of sentence, which was denied. He now appeals, contending that he is entitled to be resentenced because the prosecutor's remarks at the sentencing hearing violated the plea agreement.

## II.

## ANALYSIS

■ Daubs did not object to the state's comments at the sentencing hearing, but the issue of whether the state failed to conform to a valid plea agreement is nevertheless reviewable on appeal, even in the absence of contemporaneous objection. *State v. Kellis*, 129 Idaho 730, 734, 932 P.2d 358, 362 (Ct. App.1997). Because a breach of a plea agreement is a fundamental error, a claim of such a breach may be considered for the first time on appeal if the record provided is sufficient for that purpose. *State v. Fuhri-*

*man*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct.App.2002). Here, the transcript of the trial court proceedings adequately discloses the terms of the plea agreement, and we are therefore able to address Daubs' claim.

■ It is well established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971). This principle is derived from the Due Process Clause and the fundamental rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson*, 467 U.S. 504, 508–09, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437, 442–43 (1984); *State v. Rutherford*, 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). If the prosecution has breached its promise given in a plea agreement, whether that breach was intentional or inadvertent, it cannot be said that the defendant's plea was knowing and voluntary, for the defendant has been led to plead guilty on a false premise. *State v. Jones*, 139 Idaho 299, 301–02, 77 P.3d 988, 990–91 (Ct.App.2003). In such event, the defendant will be entitled to relief. *Santobello*, 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433; *Fuhriman*, 137 Idaho at 744, 52 P.3d at 889.

■ The prosecution's obligation to recommend a sentence promised does not carry with it the obligation to make the recommendation enthusiastically. *Jones*, 139 Idaho at 302, 77 P.3d at 991. A prosecutor may not circumvent a plea agreement, however, through words or actions that convey a reservation about a promised recommendation, nor may a prosecutor impliedly disavow the recommendation as something which the prosecutor no longer supports. *Id.*

Daubs claims that the state paid but "brief lip service" to the agreed-upon rider recommendation, and tacitly endorsed a recommendation of incarceration. Daubs argues that the Idaho Supreme Court's decision in *State v. Lankford*, 127 Idaho 608, 903 P.2d 1305 (1995), should control our decision. We agree. In that case, the Court concluded

that the state's position at sentencing was "fundamentally at odds with the position it was obligated to recommend," and so reversed and remanded for a new sentencing hearing. *Lankford,* 127 Idaho at 617, 903 P.2d at 1314. In *Lankford,* the state aggressively cross-examined defense witnesses testifying in mitigation, presented testimony that the defendant had been a disruptive inmate, was a poor candidate for rehabilitation, and argued that the defendant was manipulative and dangerous. *Id.* The state also specifically argued against giving Lankford lenient treatment, despite having previously recommended per the terms of the plea agreement the imposition of an indeterminate life sentence. *Id.*

The state argues that Daubs did not face the sort of egregious disregard of a plea agreement that *Lankford* criticizes. However, disregard of a plea agreement can be made manifest in more than one way. Here, the prosecution stated:

> Your honor, I have spoken with [the prosecutor assigned to the case], and the State has agreed to recommend no more than a Rider in this case.
>
> The PSI investigator, however, clearly is recommending prison based on the nature of Mr. Daub's crimes, his prior record, and his substance abuse problems.
>
> Rather than having me restate the information presented to the Court in the PSI and in the letters from the victims, I would ask that this Court hear from [the victim's parents], who are here. They're better able than I am to explain the horrific consequences that this crime has had on them, their daughters, and their entire family.

This language, when taken in context of the entire proceeding, is clearly fundamentally at odds with the terms of the plea agreement. After referring to the agreement to make the rider recommendation, the prosecutor highlighted the contrary recommendation of the PSI investigator as well as the basis for that recommendation: prison, because of the nature of Daub's crimes, his prior record, and his substance abuse problems. The prosecutor then introduced the victims' parents, and prefaced the parents' statements by indicating that, "[t]hey're bet-

ter able than I am to explain the horrific consequences that this crime has had on them, their daughters, and their entire family." We conclude that the statements and evidence given to the sentencing judge amount to an abrogation of the plea agreement, and a tacit adoption of a recommendation altogether different than the one for which the state and defendant had bargained.

Where, as here, the state has reached a plea agreement, it was error for the prosecution to emphasize the harsher PSI prison sentence recommendation and to embellish the nature of the victims' parents' statements. We conclude that the prosecution impliedly embraced the PSI recommendation, and constructively disavowed its recommendation of no more than a rider. Because these actions were in direct contravention of the plea agreement, we conclude that the state failed to fulfill its side of the bargain.

### III.

### CONCLUSION

We conclude that the prosecution abrogated its obligation under the plea agreement by adopting a position fundamentally at odds with the promised sentence recommendation. Accordingly, we vacate the sentence imposed and remand for resentencing before a different judge.

Chief Judge LANSING and Judge PERRY concur.