102 P.3d 380

STATE of Idaho, Plaintiff–Respondent,

v.

Daniel Christian WILLS, Defendant–Appellant.

No. 29980.

Court of Appeals of Idaho.

Nov. 23, 2004.

Molly J. Huskey, State Appellate Public Defender, Christopher D. Schwartz, Deputy Appellate Public Defender, Boise, for Appellant. Christopher D. Schwartz argued.

Hon. Lawrence G. Wasden, Attorney General; Jessisca Marie Borup, Deputy Attorney General, Boise, for respondent. Jessica Marie Borup argued.

PERRY, Judge.

Daniel Christian Wills appeals from his judgment of conviction and sentences for two counts of lewd conduct with a minor under sixteen years of age. Wills contends that the state breached its plea agreement to recommend specific sentences by presenting argument that undermined the recommendation. For the reasons set forth below, we vacate Wills' judgment of conviction and sentences and remand for resentencing.

## I.

## FACTS AND PROCEDURE

In February 2003, Wills was charged with three counts of lewd conduct with a minor under the age of sixteen. I.C. § 18–1508. Counts one and two stemmed from allegations that Wills had manual/genital contact with his four-year-old daughter. Count three arose from the allegation that Wills had manual/genital contact with his eight-year-old son. Wills pled guilty to counts one and three. In exchange for his pleas, the state agreed to dismiss count two and to limit its sentencing recommendation to unified terms of fifteen years, with minimum periods of confinement of three years. The district court ordered a presentence investigation report and psychosexual evaluation of Wills.

At sentencing the prosecutor argued that the sentences the state was recommending were the minimum that should be imposed. In reference to the youth of Wills' victims, the prosecutor stated that Wills was a predator and that:

> [P]redators don't pick on the strong ones .... when they have an insatiable hunger, they are going to go after the ones that can't run as fast. So, what [Wills] has chosen to do is to satisfy his ... obsession by picking on a child who is barely of tender years and now is going to be forced to bear this burden ... for the rest of her life.

The prosecutor also emphasized that Wills was diagnosed as a pedophile and exhibited obsessive behavior. The prosecutor argued that, therefore, there was a high risk that Wills would reoffend, be difficult to treat, and that his offenses would become increasingly serious upon his release into society. As to the recommended sentences, the prosecutor commented:

> What he did to these two little ones is just completely horrendous and almost unthinkable. And I think, at a very minimum, he should get three years fixed followed by twelve indeterminate for fifteen. I think the state is showing great restraint by only recommending that sentence.

Wills argued that, as a result of his cooperation with authorities, absence of felony history and interest in treatment, the district court should impose unified sentences of six years, with minimum periods of confinement of one year. The district court sentenced Wills to concurrent unified terms of life imprisonment, with minimum periods of confinement of ten years. Wills appeals, arguing that the state breached its plea agreement.

## II.

## ANALYSIS

Wills did not object to the prosecutor's comments at sentencing or file a motion

for relief before the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Nevertheless, because a breach of a plea agreement is fundamental error, a claim of such a breach may be considered for the first time on appeal if the record provided is sufficient for that purpose. *State v. Jones*, 139 Idaho 299, 301, 77 P.3d 988, 990 (Ct.App. 2003); *State v. Fuhriman*, 137 Idaho 741, 744, 52 P.3d 886, 889 (Ct.App.2002). Here, the parties did not reduce the plea agreement to writing. The transcript of the proceedings in which Wills entered his guilty pleas, however, adequately discloses the terms of the agreement.

It is well established that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971). This principle is derived from the Due Process Clause and the fundamental rule that, to be valid, a guilty plea must be both voluntary and intelligent. *Mabry v. Johnson*, 467 U.S. 504, 508–09, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437, 442–43 (1984); *State v. Rutherford*, 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985). If the prosecution has breached its promise given in a plea agreement, whether that breach was intentional or inadvertent, it cannot be said that the defendant's plea was knowing and voluntary, for the defendant has been led to plead guilty on a false premise. *State v. Jones*, 139 Idaho 299, 301–02, 77 P.3d 988, 990–91 (Ct.App.2003). In such event, the defendant will be entitled to relief. *Fuhriman*, 137 Idaho at 744, 52 P.3d at 889. As a remedy, the court may order specific performance of the agreement or may permit the defendant to withdraw the guilty plea. *Santobello*, 404 U.S. at 263, 92 S.Ct. at 499, 30 L.Ed.2d at 433; *Jones*, 139 Idaho at 303, 77 P.3d at 991.

The prosecution's obligation to recommend a sentence promised in a plea agreement does not carry with it the obligation to make the recommendation enthusi-astically. *United States v. Benchimol*, 471 U.S. 453, 455, 105 S.Ct. 2103, 2105, 85 L.Ed.2d 462, 466 (1985); *Jones*, 139 Idaho at 302, 77 P.3d at 991. A prosecutor may not circumvent a plea agreement, however, through words or actions that convey a reservation about a promised recommendation, nor may a prosecutor impliedly disavow the recommendation as something that the prosecutor no longer supports. *Jones*, 139 Idaho at 302, 77 P.3d at 991. Although prosecutors need not use any particular form of expression in recommending an agreed sentence, their overall conduct must be reasonably consistent with making such a recommendation, rather than the reverse. *Id.* A prosecutor may make additional sentencing recommendations, so long as they are not inconsistent or incompatible with the plea agreement. *State v. Potts*, 132 Idaho 865, 867, 979 P.2d 1223, 1225 (Ct.App.1999). Further, absent an agreement to the contrary, the prosecutor may refer to information relevant to sentencing and refer to the objectives of sentencing. *State v. Richards*, 127 Idaho 31, 40, 896 P.2d 357, 366 (Ct.App.1995).

In this case, Wills argues that the prosecutor's conduct, including her emphasis that the recommended sentences were a minimum, invited the district court to impose harsher sentences than the ones that were recommended, in contravention of their agreement. Wills asserts that the prosecutor's argument impliedly disavowed the recommended sentences and was fundamentally at odds with the plea agreement. The state contends that the prosecutor's argument at sentencing was necessary to rebut Wills' request for more lenient sentences.

The instant case presents a situation analogous to that in *Jones*, 139 Idaho at 302, 77 P.3d at 991. There, as in the case at bar, the prosecutor highlighted the presentence investigator's conclusion that rehabilitation was unlikely to be successful and that incarceration was necessary to protect the defendant's victims. Although the prosecutor uttered the required recommendation, we concluded that her other statements effectively renounced that recommendation. Similarly, here, the prosecutor articulated the sentences the state agreed to recommend, while

presenting vigorous argument that was inconsistent with that recommendation.

This case is also similar to *State v. Lankford*, 127 Idaho 608, 903 P.2d 1305 (1995), where the defendant was convicted of two counts of first degree murder. Before the defendant was sentenced, the state agreed to recommend indeterminate life sentences (the most lenient sentence possible for first degree murder) in exchange for his testimony against his co-defendant. The state recommended indeterminate life sentences, but then presented extensive evidence in aggravation, a psychologist's testimony that the defendant was a poor candidate for rehabilitation, and argument that the defendant was highly culpable, manipulative, and dangerous. The Idaho Supreme Court held that the state had violated the plea agreement by making a presentation at the sentencing hearing that was fundamentally at odds with its obligated position that the court should impose the most lenient sentences permitted by law. *Id.* at 617, 903 P.2d at 1314. Here, the sentences that the state agreed to recommend were relatively lenient in comparison to the maximum penalty permitted by statute—life in prison. *See* I.C. § 18–1508. However, as in *Lankford*, the prosecutor's arguments, taken as a whole, were not reasonably consistent with the lenient sentences that the state was obligated to recommend.

Wills was entitled to have the prosecutor's conduct conform to what Wills reasonably understood to be the bargain. *See United States v. Badaracco*, 954 F.2d 928, 939 (3d Cir.1992). Webster's defines "recommend" as "to mention or introduce as being worthy of acceptance, use, or trial." WEBSTER'S NEW INTERNATIONAL DICTIONARY 1897 (3d ed.1993). By presenting the recommended sentences as the *minimum* to be imposed and indicating that this minimum recommendation was made with "great restraint," the prosecutor failed to endorse the recommended terms as the ones the district court should accept. Instead, the prosecutor conveyed a reservation regarding the advisability of imposing those sentences and implied that longer terms would be more appropriate. This conduct was fundamentally at odds with what the state agreed to do under the plea agreement. Accordingly, we conclude that the prosecutor breached the plea agreement and, as a result, Wills was denied the benefit of his bargain.

## III.

### CONCLUSION

The prosecutor breached the plea agreement by undermining the state's recommendation during argument at the sentencing hearing. Therefore, we vacate Wills' judgment of conviction and sentences and remand the case for resentencing by a different judge.

Chief Judge LANSING and Judge GUTIERREZ concur.