IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40319

| WENDY BEIGHLEY, | ) | 2014 Unpublished Opinion No. 338 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 24, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Darren B. Simpson, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

Wendy Beighley appeals from the district court's judgment summarily dismissing her petition for post-conviction relief. On appeal, she asserts that the district court erred by summarily dismissing her claim that she received ineffective assistance of counsel when her attorney failed to move to withdraw her guilty plea upon her request due to the State's alleged breach of the plea agreement. For the reasons that follow, we affirm.

## I.

## BACKGROUND

Beighley pled guilty to lewd conduct with a minor under sixteen. The district court sentenced Beighley to a unified term of twenty years, with seven years fixed. Beighley appealed and filed a motion under Idaho Criminal Rule 35 to reduce the sentence. The district court denied the Rule 35 motion, and this Court affirmed both the sentence and the denial of

1

Beighley's Rule 35 motion in an unpublished opinion. *State v. Beighley*, Docket No. 37799 (Ct. App. Apr. 21, 2011).

Beighley filed a petition for post-conviction relief and supporting affidavit. In her petition, Beighley asserted claims of ineffective assistance of counsel, excessive sentence, and erroneous denial of her Rule 35 motion. The district court entered a notice of intent to dismiss the petition. Beighley responded with help from post-conviction counsel. The district court dismissed Beighley's claims asserting excessive sentence and erroneous denial of the Rule 35 motion because those matters had already been determined on direct appeal. The State then moved for summary judgment on Beighley's remaining claim, which alleged ineffective assistance of counsel. After hearing counsel's argument on the motion, the district court held that there were no genuine issues of material fact, granted the State's motion, and entered a judgment dismissing Beighley's petition. Beighley timely appealed.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

2

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

## III.

## DISCUSSION

Beighley does not challenge the district court's dismissal of her post-conviction claims relating to an excessive sentence and denial of her Rule 35 motion, which were resolved by this Court on direct appeal from the judgment of conviction. Beighley takes issue only with the district court's conclusion that she failed to establish that her trial counsel was ineffective by failing to file a motion to withdraw her guilty plea. In her petition, Beighley alleged that "I wanted my plea to be withdrawn and counsel refused." After post-conviction counsel confirmed with trial counsel that the latter had never been requested by Beighley to withdraw Beighley's guilty plea, Beighley filed a supplemental affidavit revealing that she had unsuccessfully tried to contact trial counsel several times during the pendency of her direct appeal. These attempts occurred when trial counsel no longer was her counsel of record and after appellate counsel had undertaken her representation. In the affidavit, Beighley essentially acknowledged that she had never requested trial counsel to withdraw her plea. However, Beighley alleged a new claim by

4

asserting that her trial counsel was ineffective because he had violated Rule 1.4 of the Idaho Rules of Professional Conduct by failing to communicate with her.

Based upon this information, the district court concluded that Beighley had failed to raise a genuine issue of material fact that would give rise to a claim of ineffective assistance of trial counsel for failure to follow any directive from Beighley to file a motion to withdraw the plea. The district court further considered whether grounds even existed that would justify the withdrawal of the plea based upon manifest injustice (as required by Idaho Criminal Rule 33(c)) following entry of the judgment of conviction and sentence that had been upheld on the direct appeal. The district court concluded that Beighley had failed to assert any facts showing the existence of manifest injustice. Accordingly, the district court dismissed the claim of ineffective assistance of counsel.

Beighley now suggests that during her sentencing proceedings, the State breached the plea agreement and that trial counsel was ineffective for failing to object at the time the alleged breach occurred and failing to bring the alleged breach to the district court's attention. Our review of the record, however, leads us to conclude that there was no breach of the plea agreement. The plea agreement provided that, in exchange for Beighley's plea of guilty to one count filed against her, the State would dismiss a second pending count, would not file any additional charges related to the facts in those counts, and would not object to a withheld judgment of conviction. It is the latter provision that Beighley asserts was breached.

The transcript of the sentencing proceeding demonstrates that at no time did the State voice any objection to trial counsel's request for a withheld judgment on Beighley's behalf. There was no agreed requirement that the State make any particular sentencing recommendation, join in a request for a withheld judgment, or refrain from making any particular recommendation. At the time Beighley entered her plea of guilty and again during the sentencing proceeding, the district court engaged in dialogues with Beighley, confirming that any plea recommendation made to the district court was not binding upon the court. The transcript of the sentencing proceeding bears out the understanding of the parties regarding the "no objection" term of the plea agreement. After defense counsel made a recommendatory statement to the district court for sentencing and prior to the prosecuting attorney's articulation to the district court, the following took place:

5

| [The Court]: | Mr. [Prosecutor], State's recommendation. |
| [The Prosecutor]: | Thank you, Your Honor. See if I have enough space here. |
| [The Court]: | I'm going to, just so that we don't get off track, remind you that on the plea agreement you recommended a withheld judgment, correct? |
| [The Prosecutor]: | I, I said I would not object to a withheld judgment. |
| [The Court]: | Not object to. All right. |
| [The Prosecutor]: | I'm not making a recommendation for that. |
| [The Court]: | All right. |
| [The Prosecutor]: | All right. |
| [The Court]: | Mr. [Defense Counsel], you didn't mention that. Are you requesting a withheld judgment in this case? |
| [Defense Counsel]: | I am, Your Honor. And I apologize I did not mention that at the end. |
| [The Court]: | Thank you, sir. Go ahead Mr. [Prosecutor]. |

The prosecutor then verbally reviewed the facts substantiating the charge against Beighley, the sentencing criteria set forth in Idaho Code § 19-2521 and other relevant considerations (*see State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982)), to guide the court in its sentencing determination. The prosecutor closed with:

> Finally, you know, I, I guess I would just refer to the--to all the recommendations in the presentence investigation [report], including the recommendation for what to do, to do in this case; and just ask the Court to be sure to review all, all of the information contained in this, in this packet, weigh it appropriately, and, and certainly weigh all those recommendations for, for appropriate sentencing in this matter.

The extent of the State's recommendation was to ask the district court to review all of the information contained in the presentence investigation (PSI) report, weigh it appropriately, and issue an appropriate disposition, although the PSI report recommended an unspecified period of incarceration. Citing *State v. Daubs*, 140 Idaho 299, 92 P.3d 549 (Ct. App. 2004), Beighley argues that the prosecutor's comments in referring to the PSI report impliedly embraced the unspecified sentence recommended by the presentence investigator and thereby constituted a tacit objection to Beighley's request for a withheld judgment, resulting in a breach of the plea agreement.

We disagree. In *Daubs*, as part of a plea agreement the State agreed to recommend that Daubs receive no more than a rider, which is a term of incarceration for a limited time with an opportunity for release on probation. However, at the sentencing hearing, a new prosecutor,

6

who was not the one who had negotiated and agreed to the plea agreement, went much further than simply recommending a rider. This Court described the prosecutor's deviation as follows:

> After referring to the agreement to make the rider recommendation, the prosecutor highlighted the contrary recommendation of the PSI investigator as well as the basis for that recommendation: prison, because of the nature of Daub's crimes, his prior record, and his substance abuse problems. The prosecutor then introduced the victim's parents, and prefaced the parents' statements by indicating that, "[t]hey're better able than I am to explain the horrific consequences that this crime has had on them, their daughters, and their entire family." We conclude that the statements and evidence given to the sentencing judge amount to an abrogation of the plea agreement, and a tacit adoption of a recommendation altogether different than the one for which the state and defendant had bargained.

*Daubs*, 140 Idaho at 301, 92 P.3d at 551.

The differences between *Daubs* and Beighley's case are readily apparent. In the present case, there was no agreement for the making of a recommended sentence of incarceration for any period by the State; the agreement was that the State would not object to Beighley's request to the district court for a withheld judgment of conviction. The record demonstrates that the State clarified the plea understanding with the district court and that the State did not verbally recommend any particular sentence nor endorse any particular sentence suggested by the presentence investigator. The State expressly stood by its agreement not to object to the defense's request for a withheld judgment. The prosecutor's closing comments to the district court did not touch upon any of the egregious circumstances that this Court in *Daubs* characterized as constructively disavowing the promised recommendation in that case by the State. We hold that here the prosecutor's passing reference to the PSI report at the close of his oral presentation to the district court did not constitute an abrogation of the State's agreement not to object to Beighley's request for a withheld judgment. Thus, Beighley has failed to show that the district court erred by summarily dismissing Beighley's petition for post-conviction relief.

## IV.

## CONCLUSION

The district court did not err by summarily dismissing Beighley's petition for post-conviction relief. The judgment dismissing Beighley's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

7