# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43592

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 641 |
| | ) |
| Plaintiff-Respondent, | ) Filed: August 17, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| DAWN MARIE ORR, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction and unified aggregate sentence of seventy years with ten years determinate for five counts of grand theft, <u>affirmed</u>.

Hilverda McRae, PLLC; Steven R. McRae, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dawn Marie Orr appeals from her judgment of conviction and unified aggregate sentence of seventy years with ten years determinate for five counts of grand theft by embezzlement, Idaho Code §§ 18-2403(1) and 18-2407(1)(b)(l). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Orr worked in the business office at the College of Southern Idaho. Accountants at the college began investigating some discrepancies in their accounts. Orr learned of the investigation and met with administrators to inform them that she had embezzled money from the college for several years. A later investigation revealed that from 2008 to 2014, Orr had embezzled at least $677,735.58 from the college.

1

The State charged Orr with five counts of grand theft, one count per year, for embezzlements occurring between 2010 and 2014. In exchange for Orr's guilty plea, the State agreed to recommend concurrent sentences of fourteen years with five years determinate on each of the five counts.

The plea agreement allowed the State to alter its sentencing recommendation if "[t]he defendant [had] additional . . . convictions beyond those provided in discovery in the NCIC report." The presentence investigation report (PSI) showed that Orr was convicted on two counts of felony forgery in 1993, but received a withheld judgment. Because Orr received a withheld judgment for the 1993 convictions, the NCIC report did not contain any record of them.

At the sentencing hearing, the prosecutor acknowledged his discovery of the 1993 convictions in the PSI, and stated that he had talked to Orr's attorney about whether he should change his recommendation. However, the prosecutor recommended the sentence previously agreed upon. Orr did not object to the prosecutor's statements.

The district court sentenced Orr to fourteen years with ten years determinate on the first count of grand theft and consecutive unified sentences of fourteen years indeterminate on each of the four remaining counts for a unified aggregate sentence of seventy years with ten years determinate. Orr timely appeals.

## II.

## ANALYSIS

Orr asserts the prosecutor impliedly breached the plea agreement and the district court abused its sentencing discretion.

### A.    Plea Agreement

Orr argues a statement the prosecutor made at the sentencing hearing impliedly disavowed the plea agreement recommendation, thus constructively breaching the plea agreement. Orr did not object to the prosecutor's statement at the sentencing hearing. However, because the breach of a plea agreement is a fundamental error, a claim of such a breach may be reviewed for the first time on appeal provided a sufficient record exists for review. *See State v. Halbesleben*, 147 Idaho 161, 165, 206 P.3d 867, 871 (Ct. App. 2009). Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented

2

rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978. In this case, the record is sufficient for our review. Therefore, we will consider whether the prosecutor's statement at the sentencing hearing constituted a breach of the plea agreement.

It is well established that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971). Like a contract, a valid plea agreement binds the State to perform the promised obligations. *Puckett v. United States*, 556 U.S. 129, 137 (2009). The State's failure to comply with its obligations constitutes a breach of the agreement and entitles the defendant to appropriate relief. *Id.* As a remedy, the court may order specific performance of the agreement or may permit the defendant to withdraw the guilty plea. *Santobello*, 404 U.S. at 263; *State v. Jones*, 139 Idaho 299, 302, 77 P.3d 988, 991 (Ct. App. 2003).

The prosecution's obligation to recommend a sentence promised in a plea agreement does not carry with it the obligation to make the recommendation enthusiastically. *United States v. Benchimol*, 471 U.S. 453, 455 (1985); *Jones*, 139 Idaho at 302, 77 P.3d at 991. Absent an agreement to the contrary, the prosecutor may refer to information relevant to sentencing and refer to the objectives of sentencing. *State v. Wills*, 140 Idaho 773, 775, 102 P.3d 380, 382 (Ct. App. 2004). A prosecutor may not circumvent a plea agreement through words or actions that convey a reservation about a promised recommendation and may not impliedly disavow the recommendation as a position no longer supported by the prosecutor. *Jones*, 139 Idaho at 302, 77 P.3d at 991. Although prosecutors need not use any particular form of expression in recommending an agreed sentence, their overall conduct must be reasonably consistent with making such a recommendation, rather than the reverse. *Id.*

3

At the sentencing hearing in this case, the prosecutor stated:

I, quite frankly, was not aware of the '93 convictions until I saw the PSI, and I went back and looked at the NCIC and looked and could not see where there's any indication that [Orr] had been charged with those forgery counts.

So I think, while there's justification for punishment for punishment's sake and retribution, the State believes that her prior record, her actions in this case, all point to the State's recommendation being as a reasonable recommendation, that it addresses the good order and protection of society to protect others from the criminal conduct by this defendant, and while--and I shared this with [Orr's attorney] earlier, that we had discussed in the office whether, based on what we had learned from the PSI, whether we should change any recommendation to the Court. The State decided that the recommendation of the 14 years, five fixed, with nine years indeterminate, is appropriate, and that's what we stand by in this case, but that she should serve that in prison and that the counts should run concurrently.

Although the prosecutor gave the recommendation agreed to, Orr asserts this statement expressed reservation about that recommendation. According to Orr, "In one breath the prosecutor sets out concern with the plea agreement and recommendation and then, in the very next breath, gives the agreed upon recommendation."

We disagree. Rather than expressing reservation about the recommendation, the statement actually endorses the recommendation. Orr fails to acknowledge that the State conditioned the plea agreement recommendation upon the absence of additional convictions. The plea agreement allowed the State to alter its sentencing recommendation if "[t]he defendant [had] additional . . . convictions beyond those provided in discovery in the NCIC report." Because the PSI revealed additional convictions not in the NCIC report, the State could have changed its sentencing recommendation. However, the State made the recommendation the parties had agreed to, notwithstanding its discovery of the 1993 convictions and ability to change its recommendation. Thus, in acknowledging his discovery of the 1993 convictions and stating that he had talked to Orr's attorney about whether he should change his recommendation, the prosecutor was actually emphasizing the reasonableness of the recommendation. The prosecutor was telling the district court that he did not change his recommendation despite discovery of the 1993 convictions because he still felt the recommendation was reasonable. Further, Orr was free to argue for a lesser sentence. Thus, by emphasizing the reasonableness of the plea agreement recommendation, the prosecutor "buttressed [the recommendation] against any argument from defense counsel" that a lesser sentence was merited. *Halbesleben*, 147 Idaho at 168, 206 P.3d at 874. Accordingly, we cannot say the prosecutor's statement expressed reservation about or

4

impliedly disavowed the recommendation. Orr has failed to demonstrate error, much less fundamental error.

**B.      Sentence**

Orr next argues the district court abused its discretion by imposing an excessively harsh sentence. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Here, the district court sentenced Orr to fourteen years with ten years determinate on the first count of grand theft and consecutive unified sentences of fourteen years indeterminate on each of the four remaining counts for a unified aggregate sentence of seventy years with ten years determinate. Orr asserts this sentence was excessive because it was not necessary to prevent her from committing further criminal conduct, and the court failed to consider her mental health and gambling addiction issues and rehabilitation efforts. Orr also takes issue with the court's characterization of her as a professional criminal, comparison of her to Bernie Madoff, and classification of embezzlement as "the absolute worst of the theft offenses."

Orr's sentence was within the statutory limits for the crimes she committed and not otherwise illegal. Thus, we must consider whether Orr's sentence was reasonable and necessary to accomplish the objectives of sentencing. In pronouncing Orr's sentence, the district court properly weighed the factors enumerated in *Toohill*, giving due emphasis to the primary

consideration of protecting society. The court considered the rehabilitation factor, stating that it did not believe Orr had accepted responsibility for her crime. The court recognized that Orr had turned herself in, but stated that it thought Orr was feeling sorry for herself and had not yet articulated internally what she had done to the community. Although the court recognized Orr's mental health and gambling addiction issues and rehabilitation efforts, it stated that it did not see rehabilitation as a viable option or significant factor in fashioning her sentence.

In considering the retribution factor, the court stated that it considered embezzlement the worst theft crime because it involves a breach of trust between an employer and an employee. The court also stated that this was the worst embezzlement case it had ever seen because Orr breached the trust of both her employer and the community. Finally, the court stated that a lesser sentence would depreciate the seriousness of the crime and imprisonment would provide appropriate punishment for Orr.

In considering the deterrence factor, the court expressed doubt about how much a sentence deters the public from committing an offense, but stated that it hoped imprisonment would provide an appropriate deterrence to Orr.

Finally, the court addressed the protection of society, "The most important factor that I have to look at is the good order and protection of society." The court then stated:

> The conduct mandates a severe punishment for the good order and protection of society. It will give the Idaho State Department of Corrections the rest of your natural life to monitor you. I think you'll make parole someday. But I want that board of corrections to have the power to immediately, immediately reimpose the balance of that sentence if you as much as flinch in terms of criminal conduct.

Thus, after considering the *Toohill* factors, including the primary factor of protecting society, the court pronounced Orr's sentence primarily to prevent her from committing further criminal conduct. Considering Orr's entire sentence, the nature of her offense, her character, and the public interest, this Court cannot say the district court abused its discretion.

Orr's claim that her sentence was not necessary to prevent her from committing further crime is without merit and her complaint that the court characterized her as a professional criminal, comparing her to Bernie Madoff, is unfounded. The record shows that Orr repeatedly embezzled money from her employer for at least seven years and previously embezzled money from a prior employer in the 1993 forgery case. Thus, the record supported the court's conclusion that a sentence lasting the rest of Orr's life was necessary to prevent her from committing further criminal conduct and protecting society. Orr's criminal history also justified

6

the court's characterization of her as a professional criminal and reference to Bernie Madoff. Although Orr's conduct was not as severe as Madoff's conduct, the court's comparison was clearly meant to highlight the systematic conduct of both Orr and Madoff and the effect their conduct had on the trust of their respective communities.

Further, Orr's argument that the court failed to consider her mental health issues and rehabilitation efforts fails. As explained above and contrary to Orr's assertion, the court considered her mental health issues and rehabilitation efforts. However, the court did not find Orr's mental health issues and rehabilitation efforts significant in light of her failure to accept responsibility for her conduct.

Finally, Orr complains that the district court wrongly classified embezzlement as "the absolute worst of the theft offenses." The court stated: "[Embezzlement] is, *in my view*, the absolute worst of the theft offenses" because it involves a breach of "trust between employer and employee." (Emphasis added.) The court was clearly stating its opinion that embezzlement is worse than other theft offenses because it involves the breach of a relationship of trust. The stated opinion does not represent an abuse of discretion.

## III.

## CONCLUSION

The State did not breach the plea agreement and the district court did not abuse its sentencing discretion. Orr's judgment of conviction and sentence are affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.

7