775 P.2d 649
**STATE of Idaho, Plaintiff–Respondent,**

v.

**David HARPER, Defendant–Appellant.**

**No. 17738.**

Court of Appeals of Idaho.

June 7, 1989.

Jonathan W. Cottrell, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. Upon his plea of guilty to first-degree arson, David Harper received a sentence of ten years with a three-year minimum period of confinement. I.C. §§ 18–801; 19–2513. Harper contends his sentence is excessive. We disagree, and affirm the judgment imposing the sentence.

A house rented in Priest River by a Mr. Sallee was completely destroyed by fire. Harper admitted setting the fire. He gave the following explanation, as recounted by the presentence investigator:

> During our interview, Mr. Harper stated that he had just left his own home; that he was intoxicated; and he went to a friend's house. He said he drank some more beer at the friend's house, and then he went to the Sallee residence. He stated there was no one at home and that he just decided to start the house on fire. Mr. Harper stated that he did not know why, other than he just did it for something to do. Mr. Harper stated that, at the time, he did not think of the consequences of his actions. He stated that it bothered him afterwards because he knew that he would be in trouble; but at the time, he just did not think. Mr. Harper stated that also, at the time he started the fire, he had no thought for the victims involved in this case.

Harper was twenty-two years old at the time. He had a criminal record consisting of convictions for burglary, auto theft and traffic offenses. He had served time in the Texas Correctional Institution and was on parole from Texas when he committed the arson in this case.

■ Where a sentence is alleged to be excessive, we make an independent examination of the record, having regard to the nature of the offense, the character of the offender, and the protection of the public interest. We note initially that the ten-year sentence for arson was within the maximum statutory penalty of twenty years. I.C. § 18–801. Where a sentence is statutorily authorized, we will not disturb it unless the sentence is unreasonable upon the particular facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). In evaluating the reasonableness of a sentence, we focus largely upon the probable duration of confinement. Generally, where a unified sentence has been imposed under I.C. § 19–2513, the minimum period of confinement specified in the judgment will be treated as the probable measure of confinement for the purpose of appellate review. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

> By focusing on this period, we do not wholly disregard the aggregate length of the sentence, nor do we suggest that a prisoner will be *entitled* to parole when the minimum period has elapsed; but we do recognize that he will be *eligible* for parole at that time.

*Id.* at 777, 769 P.2d at 1149 (emphasis original). Thus, the question in this case is whether the three-year minimum term of confinement prescribed in the judgment is reasonable. Our review of that question is further guided by *Sanchez*. There, we commented on the continuing utility of the sentence review criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Those criteria are the protection of society, general deterrence, retribution and rehabilitation. As we noted in *Sanchez*:

> To the extent that a minimum period of confinement represents the judicially determined "price" of a crime, the criteria of retribution and deterrence are particularly important. Conversely, insofar as the minimum period establishes a prospective time frame for institutional correction programs and for evaluation of the prisoner's eventual suitability for parole, the factors of rehabilitation and protection of society are applicable.

*Id.* 115 Idaho at 777–78, 769 P.2d at 1149–50.

■ Here, the district court considered the applicable criteria when Harper's sentence was imposed. The court stated:

> Considering the defendant's prior record and his unsuccessful previous periods of probation, and considering his parole having been revoked, considering the offense here involved of arson, and the total lack of provocation or justification for this act of arson, considering the defendant's prior record and having in mind the purposes of sentencing, that is the first and foremost need to protect society, the need to impose a sentence which serves as a deterrence, not only to this defendant, but to others, and having in mind also the purpose of sentencing, the other purpose of sentencing, that of being a rehabilitative function, and the fourth, one of punishment, it's the judgment of the Court that in this case considering the defendant's background as outlined in the Presentence Report, it will be the judgment of the Court that the defendant is sentenced upon his plea of guilty, and I find him guilty of the arson offense charged in the Information, and sentence him to a term of not less than three nor more than ten years in the custody of the State of Idaho.

In our view, the judge expressed sound reasons for his sentencing decision. He explicitly noted the criteria of protecting society, retribution or punishment, and deterrence. The minimum period of confinement reasonably provides both an opportunity and an incentive for Harper and correctional authorities to establish a meaningful program of rehabilitation aimed at a successful release on parole.

In sum, we conclude that the sentence was reasonable. Having reviewed the sentence in light of *Toohill* and *Sanchez*, we find no abuse of the judge's discretion. The judgment of conviction imposing the sentence is affirmed.