783 P.2d 308

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Toby Kenneth HEER, Defendant–Appellant.**

**No. 17750.**

Court of Appeals of Idaho.

Oct. 25, 1989.

Petition for Review Dismissed Dec. 19, 1989.

Randall D. Schulthies, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Myrna A.I. Stahman, argued.

BENGTSON, Judge, Pro Tem.

This is a sentence review case. Toby Heer pled guilty to possession of a controlled substance (cocaine) with intent to deliver, and received a fifteen-year unified sentence with a five-year minimum period of incarceration. I.C. § 37–2732(a)(1)(A); § 19–2513. Heer argues on appeal that the sentence is excessive. He also argues that the district court abused its discretion in denying his motion for sentence reduction pursuant to I.C.R. 35. We affirm the judgment imposing the sentence and the order denying Heer's motion for sentence reduction.

We commence by a review of the pertinent facts. An Idaho State Police officer detained Heer in Caribou County for exceeding the speed limit. Heer represented to the officer that his name was Marion Ness. After observing his conduct and physical condition, the officer administered a field sobriety test. On the basis of that test, the officer concluded Heer was driving while intoxicated. After the arrival of a local police officer, the officers placed Heer under arrest. A subsequent inventory of Heer's vehicle yielded 96 grams of cocaine, 248 grams of white powder—ostensibly a cutting agent—drug paraphernalia, $1200 in cash, and a transaction ledger. During the booking procedure, the officers

discovered Heer was using an alias and that there was a warrant for his arrest—issued from Elmore County, Idaho—for possession of a controlled substance and for carrying a concealed weapon. Pursuant to a plea agreement in the present case, Heer eventually pled guilty to felony possession of cocaine with intent to deliver.

Heer was thirty years old at the time of the sentencing. His criminal record spans ten years in four states. Most of his past criminal activities were related to substance abuse, driving while intoxicated and driving while suspended, but also included larceny, burglary and providing false information to a police officer. Heer had received prison sentences for the larceny and burglary convictions.

In the present case, the court ordered a psychological evaluation of Heer prior to sentencing. The psychologist concluded that Heer had pronounced substance abuse and chemical dependency problems which needed to be addressed. He recommended training programs for social skills and anger management. A presentence investigation was also completed.

## I

■ We first examine Heer's contention that his sentence is excessive. Sentencing decisions are within the discretion of the trial court. *See State v. Chacon,* 114 Idaho 789, 760 P.2d 1205 (Ct.App.1988). On appellate review, we make an independent examination of the record, considering the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Harper,* 116 Idaho 335, 775 P.2d 649 (Ct.App.1989).

■ Where a sentence is statutorily authorized, we will not disturb it unless it is apparent from the facts that it is unreasonable. *State v. Harper, supra.* We note that the maximum penalty for possession of cocaine with intent to deliver is life in prison. I.C. § 37–2732. Here, the judge imposed a sentence under the Unified Sentencing Act of 1986. I.C. § 19–2513. Generally, where a unified sentence has been imposed, we examine the minimum period

of confinement established by the sentencing court as the probable measure of confinement. *State v. Harper, supra. See State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989).

■ Therefore, we examine whether the five-year minimum sentence is reasonable in light of the sentence review criteria articulated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982):

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

103 Idaho at 568, 650 P.2d at 710. We elaborated upon these criteria in *State v. Sanchez,* 115 Idaho at 777–78, 769 P.2d at 1149–50.

Heer argues that most of his prior criminal activity has been traffic offenses, that he has never been incarcerated for more than six months on any one offense, and that he has no prior drug convictions. He contends the present offense was a result of his addiction to drugs. Heer offers the psychological evaluation as evidence of his addiction and states his willingness to take part in drug treatment and psychological programs available in order to rehabilitate himself. He concludes by contending that the sentencing judge failed to consider the goal of rehabilitation when imposing sentence.

We find nothing in the record which suggests the sentencing judge abused his discretion. The sentence is well within the statutory limit. The judge reviewed the

presentence investigation report and the psychological evaluation; he also considered Heer's conviction record over the previous ten years, the use of a multitude of aliases, and the use by Heer of ten false social security numbers. The judge also took note of Heer's two prior periods of incarceration in other states. It is apparent by the judge's examination of the prior rehabilitative efforts of the criminal justice systems of four states, and Heer's propensity for falsehood, that Heer's sincerity regarding his personal efforts to rehabilitate was in question. Although the sentencing judge acknowledged the problem of Heer's drug addiction, he was "completely unsympathetic" with Heer's distribution of drugs in order to support the latter's habit. Evidently, the judge concluded that incarceration would protect society and give Heer an opportunity to obtain treatment for his drug addiction under the supervision of the Idaho State Board of Correction.

Due to Heer's continued abuse of intoxicants, his inability to conform to the requirements of society and the legal system, and the probability of Heer's continued criminal activity, we find the sentence imposed by the judge to be reasonable. Heer has failed to demonstrate that the sentencing court abused its discretion.

## II

Heer next contends that the judge abused his discretion by refusing to reduce the sentence pursuant to I.C.R. 35. A motion under Rule 35 is a plea for leniency, addressed to the sound discretion of the trial court. *State v. Martinez*, 113 Idaho 535, 746 P.2d 994 (1987). On appeal, we review the entire record, including facts connected with the motion, in order to determine whether the court abused its discretion in failing to grant leniency. *State v. Woodman*, 116 Idaho 716, 779 P.2d 30 (Ct.App.1989). When reviewing this determination we utilize the same criteria for reasonableness applied in reviewing the original sentence.

To support his motion Heer offered several letters indicating that his problems stem from his drug addiction and showing the efforts he has made to overcome such addiction.

While these letters may demonstrate that Heer has commenced efforts at rehabilitation, show promise for his future, and indicate that the justice system is functioning properly, they do not support his argument that the sentencing judge abused his discretion by refusing to reduce his sentence. This is particularly true given his past propensity for insincerity, society's demand for retribution, and maintenance of a deterrent effect underlying the sentence. Having found that Heer's sentence was not excessive, we also conclude that the district judge did not abuse his discretion by denying Heer's motion to reduce the sentence. The sentence imposed and order denying the motion are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.