936 P.2d 230

STATE of Idaho, Plaintiff–Respondent,

v.

Audie Keithley HELMS, III, Defendant–Appellant.

Nos. 23111, 23133.

Court of Appeals of Idaho.

April 11, 1997.

Stewart A. Morris, Boise, for defendant–appellant.

Alan G. Lance, Attorney General, Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Audie Keithley Helms, III, received consecutive sentences in two separate cases. In these consolidated appeals, Helms argues that the sentences should be served concurrently. We affirm.

## I.

### FACTS AND BACKGROUND

Although the issue in this case is a simple one, the unusual facts and procedural background merit discussion. In August 1995, Helms was charged with possession of a controlled substance, methamphetamine, with the intent to deliver. I.C. § 37–2732(a). Helms was released from custody on his own recognizance.

While awaiting trial on the possession offense, Helms was charged with grand theft, I.C. § 18–2403(4); burglary, I.C. § 18–1401; and second degree kidnapping, I.C. §§ 18–4501,—4503. These charges arose out of an incident wherein three men battered and murdered Travis Jon McIntier. Although he did not beat McIntier, Helms was present during the incident. The state claimed that Helms assisted in transporting McIntier to the site where he was killed, was found in the possession of certain items of McIntier's property after McIntier's death, and entered McIntier's residence after the murder with the intent to commit theft.

Pursuant to a plea agreement, Helms pled guilty to grand theft and burglary. In exchange for the pleas, the state dismissed the kidnapping charge and agreed to recommend concurrent unified terms of ten years, with minimum periods of confinement of four years. As a part of the same agreement, the state reduced the possession with intent to deliver charge to possession of a controlled substance. I.C. § 37–2732(c). Helms pled guilty, and the state recommended a sentence of seven years, with a four-year determinate term.

A presentence investigation (PSI) report and a psychological evaluation were prepared. The district court reviewed the record, the PSI report, the psychological evaluation, as well as Helms' prior criminal record and troubled personal history. The district court imposed concurrent seven-year unified sentences, with minimum periods of confinement of two years, for grand theft and burglary. The district court ordered that Helms receive credit for 183 days already served.

The possession charge then proceeded to sentencing before another district judge. In sentencing Helms for the possession charge, the district court considered the grand theft and burglary offenses. The district court also reviewed the PSI report, the psychological evaluation, and Helms' character. The district court initially imposed a seven-year sentence, with a minimum term of four years, which was to run consecutively with the sentences ordered for grand theft and burglary. The district court later amended the sentence and imposed a minimum term of two years, with a maximum term of seven years, to run consecutively with the other sentences.

Helms initially appealed from the sentences imposed for grand theft and burglary. That appeal was consolidated with Helms' subsequent appeal from the sentence for the possession conviction. On appeal, Helms acknowledges that the sentences for grand theft and burglary were reasonable. The only issue before this Court, therefore, is the reasonableness of the sentence imposed on the possession charge.

## II.

## ANALYSIS

■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence we conduct an independent review of the record, having regard for the nature of the offense the character of the offender and the protection of public interest. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Helms' arguments include various references to the probable period of incarceration to be served for the possession offense. Where a unified sentence has been imposed, we examine the minimum period of confinement established by the sentencing court as the probable measure of confinement. *State v. Hyde*, 127 Idaho 140, 150, 898 P.2d 71, 81 (Ct.App.1995); *State v. Heer*, 116 Idaho 969, 971, 783 P.2d 308, 310 (Ct.App.1989); *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Here, our review will focus on the two-year determinate portion of the sentence for possession.

■ Helms argues that the district court should not have considered the McIntier incident in sentencing him on the possession charge. We disagree. It is well established that sentencing courts are entitled to consider a wide range of information about the defendant. *State v. Johnson*, 101 Idaho 581, 584, 618 P.2d 759, 762 (1980). The

district court may review evidence of other crimes, even those that have not been charged. *State v. Roberts,* 129 Idaho 194, 200, 923 P.2d 439, 445 (1996). A crime committed in the interval between the commission of the charged offense and sentencing for that offense is clearly relevant and is a proper consideration in sentencing.

■■■■■ Helms further argues that the district court, in the possession case, gave too much weight to the psychological evaluation and the PSI report, particularly in light of the fact that these documents were considered during the sentencing for grand theft and burglary. A PSI report is intended to provide information on the defendant's family history, educational background, social history, sense of values and outlook on life in general. *Hyde,* 127 Idaho at 150, 898 P.2d at 81. The decision to order a PSI report and a psychological evaluation are matters of discretion for the trial court. *Id.* In felony cases, the trial court may forgo a PSI report only where the record affirmatively establishes a valid reason and where there is sufficient information from another source. *Id.* Use of a PSI report prepared in connection with an earlier offense is not error absent a showing of some material change in circumstances. *Id.; State v. Powers,* 100 Idaho 614, 616, 603 P.2d 569, 571 (1979). The psychological evaluation and the PSI report did not become less relevant because they were considered in the prior sentencing. The PSI report and attendant psychological evaluation were properly considered in this case.

■■■■■ Helms claims that, during sentencing on the possession charge, the prosecution incorrectly indicated that Helms had a juvenile record in Idaho. The prosecuting attorney stated, "I'm familiar with Mr. Helms because I was the prosecutor out at juvenile, and I saw some of his cases." Helms notes on appeal that he has no record of juvenile offenses in Idaho and argues that the prosecutor's statement was therefore inappropriate. The district court carefully reviewed the PSI report which indicated that Helms lacked a juvenile record. Hence, the district court had adequate information before it to evaluate the prosecutor's statement. The district court discussed Helms' background at length and did not indicate that the prosecutor's allusion to a juvenile record was a factor in sentencing.

■■■■ Helms does not claim that the unified term of seven years, with a minimum period of incarceration of two years, is unreasonable. Helms actually requests the same sentence on remand, but argues that it should be imposed to run concurrently with his two unified seven-year terms, with minimum periods of confinement of two years, for grand theft and burglary. A consecutive sentence is authorized as a discretionary decision by I.C. § 18–308. Pursuant to both statutory and case law, the decision of whether to impose sentences concurrently or consecutively is within the sound discretion of the trial court. *State v. Elliott,* 121 Idaho 48, 52, 822 P.2d 567, 571 (Ct.App.1991); *State v. Lloyd,* 104 Idaho 397, 401, 659 P.2d 151, 155 (Ct.App.1983). The standard established in *Toohill* are applicable to this issue as well.

The record in this case indicates that Helms has extensive psychological problems, a tendency towards violence, and an unwillingness to accept treatment. The psychological profile indicates that Helms currently presents a risk to society. Although the possession charge in this case was a nonviolent offense, Helms admitted that he enjoys hurting other people, and the psychologist found that Helms has little capacity for empathy.

In sentencing Helms for the possession charge, the district court considered this offense "in the context of the broader course of Mr. Helms' life and conduct and the risk that he is to society." The district court considered the appropriate goals of sentencing and properly considered the psychological evaluation, the PSI report and the facts underlying Helms' other criminal charges.

The sentence imposed by the district court for the possession charge is well within the legal maximum. After a thorough review of the record, we conclude that the district court did not abuse its discretion in imposing a minimum term of two years to run consecutively to Helms' other sentences.

## III.

## CONCLUSION

The sentences imposed by the district court are well within the statutory maximums. Helms has failed to establish that the sentences are unreasonable. The district court properly exercised its discretion in deciding that the sentence for possession of a controlled substance should be served consecutively to the sentences for grand theft and burglary. The judgments of conviction, and the concurrent sentences of seven years, with minimum periods of confinement of two years, for grand theft and burglary, and the consecutive sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance are affirmed.

WALTERS, C.J., and LANSING, J., concur.