**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47635**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 3, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DONALD LEONARD HARRIS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment of conviction for three counts of sexual exploitation of a child by possession of sexually exploitative material and one count of injury to child, affirmed.

Schwartz Law, P.C.; Christopher D. Schwartz, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Donald Leonard Harris appeals from his judgment of conviction for three counts of sexual exploitation of a child by possession of sexually exploitative material (possession of sexually exploitative material) and one count of injury to child. Harris makes two arguments on appeal: first, the State breached its plea agreement at sentencing by implicitly arguing against the agreement after it was executed; and second, the district court abused its discretion by imposing excessive sentences. Harris failed to obtain an adverse ruling from the district court and Harris failed to raise a claim addressing fundamental error analysis in his opening brief on appeal. Consequently, Harris did not preserve his claim related to the alleged breach of the plea agreement for this Court's review. Even if the issue was preserved, the State did not breach the plea agreement. Further, the district court did not abuse its sentencing discretion. Accordingly, the judgment of conviction and sentences are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Two women reported to law enforcement that Harris sexually abused them when they were minors and that Harris may have documented some of the abuse through videos and photographs. As a result, law enforcement officers conducted a search of Harris's home, which resulted in the discovery of a large quantity of sexually exploitative material. The State charged Harris with two counts of lewd conduct with a minor under sixteen and five counts of possession of sexually exploitative material. Pursuant to a plea agreement, the State amended the charges to one count of injury to child, naming both victims with the same factual bases as the lewd conduct charges, and three charges of possession of sexually exploitative material. Harris waived his rights to appeal the conviction and to withdraw his guilty plea pursuant to Idaho Criminal Rule 33. As part of the plea agreement, both parties stipulated that Harris would receive a prison sentence but the length of the sentence was "open for argument" at the sentencing hearing.

Harris entered an *Alford*[1] plea to injury to child and pleaded guilty to three counts of possession of sexually exploitative material. At the sentencing hearing, the State recommended a twenty-five-year sentence, with twelve years determinate, while Harris argued for a determinate sentence of two years, followed by an unspecified indeterminate sentence. After considering the goals of sentencing and other factors, the district court sentenced Harris to a cumulative twenty-year sentence, with eight years determinate: a unified ten-year sentence, with eight years determinate, for the injury to child charge and a ten-year indeterminate sentence for each possession of sexually exploitative material charge, to be served concurrently with each other but consecutively to the injury to child charge. Harris timely appeals.

# II.

## STANDARD OF REVIEW

It is well settled that in order for an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for assignment of error. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996).

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

## III.

## ANALYSIS

On appeal, Harris alleges the State breached the terms of the plea agreement at sentencing by implicitly arguing against the agreement after it was executed and the district court abused its discretion by imposing excessive sentences. In response, the State argues Harris waived consideration of the alleged breach of the plea agreement by failing to obtain an adverse ruling from the district court. However, if the claim is preserved for appeal, the State asserts that Harris failed to show the State breached the plea agreement. Finally, the State contends the district court's sentence was not an abuse of discretion.

**A.      Harris Has Not Preserved a Claim of Error Related to the Alleged Breach of the Plea Agreement as He Did Not Obtain an Adverse Ruling in the District Court**

Harris argues the prosecutor breached the terms of the plea agreement by arguing for a sentence based on the original charges for lewd conduct, instead of the reduced charge of injury to child. Harris alleges a breach occurred because the prosecutor initially told the district court that it was sentencing Harris for lewd conduct, repeatedly referenced that Harris had sex with and sexually abused the named victims, and based the State's recommended sentence "almost entirely" on the conduct supporting Harris's injury to child plea. Because of these comments, Harris argues the State essentially argued for a sentence based on the lewd conduct charge, not the injury to child charge, and therefore this Court should vacate his sentence.[2] In response, the State asserts there is

---

[2]      In the plea agreement, Harris agreed to "[w]aive appeal as of right as to conviction and ability to request a withdrawal of guilty plea under [Idaho Criminal Rule] 33." However, as the

3

no adverse ruling from which Harris can appeal, as Harris did not ask the district court to rule on the alleged breach of the plea agreement; consequently, any claim of error is unpreserved.

It is the appellant's burden to obtain an adverse ruling at the trial court, *Huntsman*, 146 Idaho at 586, 199 P.3d at 161, and it is well settled that this Court will not review an appellant's assignment of error unless the record discloses such an adverse ruling which forms the basis for the claim. *State v. Dougherty*, 142 Idaho 1, 6, 121 P.3d 416, 421 (Ct. App. 2005). This remains true even when the trial court had actual knowledge of the issue and implicitly did not grant the party the desired relief. *Huntsman*, 146 Idaho at 586, 199 P.3d at 161.

Here, there is no ruling which was unfavorable to Harris for this Court to review. In response to the prosecutor's sentencing recommendation, Harris's counsel expressed concern that the recommendation breached the terms of the plea agreement, but stated that he would raise this issue on appeal:

> Well, to begin with, Judge, I think it's important to note that Mr. Harris is here in front of you not on an L and L charge but an injury to child charge.
> So pursuant to *State v[.] Wells*,[3] I believe the State has breached the Plea Agreement by arguing that he committed an L and L while reducing the charge to injury to child, so we'll take that up on appeal and proceed forward as *State v[.] Wells* allows us, but I wanted to make a record of that.

Thus, Harris did not ask for or obtain a ruling from the district court as to whether the State breached the plea agreement, and the holding in *Huntsman* forecloses an argument the district court knew about the issue and implicitly denied it. Without an adverse ruling, Harris cannot raise his claim for the first time on appeal.

In his reply brief, Harris raises two arguments to support appellate review of his claim. Harris asserts that his counsel's statements constituted a valid objection and the district court implicitly denied the motion, thereby obtaining an adverse ruling and preserving the claim for appellate review. Alternatively, Harris argues that even if his counsel's statements did not constitute an objection, the error is preserved as a claim of fundamental error. The arguments fail to persuade this Court.

State does not raise this waiver as an affirmative defense, this Court will not consider the issue on appeal.

3      Defense counsel was referring to *State v. Wills*, 140 Idaho 773, 102 P.3d 380 (Ct. App. 2004).

First, Harris's argument that his counsel's statement to the district court was a legitimate, contemporaneous objection is raised for the first time in his reply brief. This Court will not consider arguments raised for the first time in an appellant's reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005) ("reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief"). Second, in his initial brief, Harris fails to argue whether the alleged breach of the plea agreement constituted fundamental error. Harris cites two legal standards in his initial brief: first, a breach of a plea agreement constitutes fundamental error but "fundamental error can still be harmless error"; and second, the harmless error test set forth in *Chapman v. California*, 386 U.S. 18, 23 (1967). Despite listing these conflicting legal standards, Harris neither articulates under which analytical rubric his claim falls nor provides argument relative to that analysis. This is fatal to his claim, as a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Consequently, Harris failed to preserve the claim of whether the State breached the plea agreement for appellate review. If Harris's statement about the alleged breach constitutes a valid, contemporaneous objection, Harris failed to obtain an adverse ruling for this Court to review. If Harris's statement is not a valid objection, Harris failed to address whether the alleged breach constituted fundamental error in his initial brief. Because Harris failed to do either, we decline to address his claim that the State breached the plea agreement.

## B. The State Did Not Breach the Plea Agreement

Even if there had been an adverse ruling pertaining to the alleged prosecutorial misconduct, the prosecutor did not breach the terms of the plea agreement during sentencing.

It is well established that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971). Like a contract, a valid plea agreement binds the State to perform the promised obligations. *Puckett v. United States*, 556 U.S. 129, 137 (2009). The State's failure to comply with its obligations constitutes a breach of the agreement and entitles the defendant to appropriate relief. *Id*. As a remedy, the court may order specific performance of the agreement or may permit the defendant to withdraw the guilty plea. *Santobello*, 404 U.S. at 263; *State v. Jones*, 139 Idaho 299, 302, 77 P.3d 988, 991 (Ct. App. 2003).

The prosecution's obligation to recommend a sentence promised in a plea agreement does not carry with it the obligation to make the recommendation enthusiastically. *United States v. Benchimol*, 471 U.S. 453, 455 (1985); *Jones*, 139 Idaho at 302, 77 P.3d at 991. A prosecutor may not circumvent a plea agreement, however, through words or actions that convey a reservation about a promised recommendation, nor may a prosecutor impliedly disavow the recommendation as something that the prosecutor no longer supports. *Jones*, 139 Idaho at 302, 77 P.3d at 991. Although prosecutors need not use any particular form of expression in recommending an agreed upon sentence, their overall conduct must be reasonably consistent with making such a recommendation, rather than the reverse. *Id.*

The terms of the plea agreement required the State to reduce the charges against Harris to three counts of possession of sexually exploitative material and one count of injury to child, naming both victims in the injury to child charge. The plea agreement included the statutory maximum penalty for each charge as ten years as designated in I.C. §§ 18-1507(3) and 18-1501, respectively, for a total maximum possible sentence of forty years. The plea agreement included no restrictions on the length of the prison sentence recommendation, specifically stating that the "[p]arties stipulate to a prison sentence, but length is open for argument." Thus, the State fulfilled the terms of the plea agreement when it filed the second, superseding indictment reducing the charges against Harris and could not breach the terms of the plea agreement by recommending the district court impose a cumulative twenty-five-year sentence for the four charges.

Although Harris argues the prosecutor breached the terms of the plea agreement by proceeding as if the district court was sentencing Harris on the original charges of lewd conduct, this argument is without merit. The record reflects that the prosecutor argued for a sentence based on the reduced charge of injury to child. When beginning his argument for the State's sentencing recommendation, the prosecutor stated:

> As the Court knows from the Pretrial Settlement Offer, this is a stipulated prison recommendation. And so when the Court's deciding how long to send him to prison, the way I see it there are 40 years here to work with: The three counts of child pornography and the one count of lewd--excuse me, of injury to child.
> In deciding upon a number, my thought was this, Judge: I think if you're going to start having sex with a 12-year-old girl, 12 years is a good place to start in terms of the fixed sentence.

There is no evidence that the prosecutor's singular reference to the word "lewd" was anything more than an accidental misstatement which he immediately corrected. Therefore,

6

despite Harris's assertions, the prosecutor did not argue that the district court was sentencing Harris for lewd conduct simply by saying the word "lewd" during the State's sentencing recommendation.

Second, Harris asserts the prosecutor breached the plea agreement by repeatedly referencing that Harris had sex with and sexually abused the victims. Harris implicitly argues that this conduct supports lewd conduct charges, but does not support the reduced injury to child charge. This Court disagrees. In the original indictment, the State charged Harris with two counts of lewd conduct "by having genital-genital, oral-genital, and/or manual-genital contact" with the victims "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the defendant." In the second, superseding indictment, to which Harris entered an *Alford* plea, the State charged Harris with one count of injury to child by, under circumstances likely to produce great bodily harm, "having genital-genital, oral-genital, and/or manual-genital contact" with the victims "who were under the age of 16 at the time of the defendant's conduct." Thus, the description of the physical contact that gave rise to both the original and the amended charges remained the same, regardless of the charge.

Further, characterizing that physical contact as "sex" is how one victim described Harris's conduct during her grand jury testimony, which Harris relied on as the facts to establish his *Alford* plea and how an officer characterized the conduct in his police report. Similarly, the prosecutor's limited reference to "sexual abuse," which the prosecutor only used once to acknowledge that Harris's conduct with one of the named victims "didn't evolve into the full-blown type of sexual abuse that it did with" the other victim reflected how the victim described Harris's conduct in her victim impact statement and how an officer described the conduct in his police report. These characterizations were reflected in various reports, and were in part, relied upon by Harris; therefore, these were facts that the district court could properly consider. *See State v. Helms*, 130 Idaho 32, 35, 936 P.2d 230, 233 (Ct. App. 1997) (sentencing court may consider facts underlying criminal charges); s*ee also State v. Flowers*, 150 Idaho 568, 574, 249 P.3d 367, 373 (2011) ("Absent a provision in the plea agreement expressly limiting the information that the State can present, it can present any relevant information that could assist the court."). Thus, the prosecutor's description of the physical contact giving rise to the injury to child charge did not breach the plea agreement.

Finally, Harris alleges the State breached the plea agreement because the prosecutor based the State's recommended sentence "almost entirely" on the factual description of the physical

7

contact described in Harris's injury to child charge. Because the injury to child charge carried a maximum sentence of ten years, Harris argues the State's recommended sentence of twenty-five years, with twelve years determinate, constituted an implicit breach.

However, this allegation is not supported by the record. During the sentencing hearing, the prosecutor noted that based on the four charges to which Harris was being sentenced, the district court could impose a statutory maximum period of incarceration of forty years. Then, the prosecutor argued for a twelve-year determinate sentence, stating "[i]n deciding upon a number, my thought was this, Judge: I think if you're going to start having sex with a 12-year-old girl, 12 years is a good place to start in terms of the fixed sentence." The prosecutor reasoned that the facts of all four charges support the State's recommended sentence: Harris "did this to these two little girls and he amassed quite the treasure trove of child pornography. The Court is aware from the [presentence investigation report] that he had thousands of images of little boys and little girls engaged in unspeakable acts." When reviewed in whole, the record indicates that the prosecutor described what sentence the State believed was appropriate given all four charges. Therefore, the recommended sentence did not breach the plea agreement.

The plea agreement did not limit what sentencing recommendations each party could make, the district court could consider the physical conduct underlying the injury to child charge, and the prosecutor based the State's sentencing recommendation on the four charges to which Harris was being sentenced. Accordingly, the State did not breach the terms of the plea agreement during the sentencing hearing.

## C.   The District Court's Sentence Did Not Constitute an Abuse of Discretion

Harris argues the district court abused its discretion by imposing excessive sentences. Specifically, Harris argues the district court sentenced him as if he pled guilty to the original lewd conduct charges and did not properly consider mitigating factors like his lack of criminal history, numerous letters of support, low risk of recidivism, and acceptance of accountability for possession of sexually exploitative material.

Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a

sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

First, there is no evidence in the record to support Harris's allegation that the district court sentenced him as if he pled guilty to the original lewd conduct charge. The district court never mentioned the lewd conduct charge; instead the court acknowledged that the injury to child charge was serious in light of the conduct alleged, accurately stated the maximum penalty for the felony injury to child charge, and imposed a sentence within the statutory guidelines for the injury to child charge. Although the district court recognized that the conduct underlying both the lewd conduct charge and the injury to child charge was the same, this does not indicate that the court was sentencing Harris for lewd conduct. Instead, it was an acknowledgement of what we have previously recognized; Harris entered an *Alford* plea to the crime of felony injury to child "by having genital-genital, oral-genital, and/or manual-genital contact" with the victims and the district court could properly consider that conduct when imposing the sentence.

Second, the record shows the district court considered relevant mitigating factors in its sentencing decision. The district court stated that it considers both the circumstances of the individual offense and the character of the individual defendant when making a sentencing determination. The district court recognized the conduct that gave rise to the injury to child charge occurred many years ago and Harris has positive character traits, evidenced by his lack of a significant criminal record and the number of people in his life who support him, vouch for his character, and testify to his good nature. But, the district court also recognized the severity of the charges, the lifelong impact Harris's actions would have upon the victims, and the impact of possession of sexually exploitative material which supports "a whole industry that abuses the children" shown in the photographs.

Third, Harris argues that when imposing sentence the district court did not consider his low risk of recidivism referenced in his presentence investigation report (PSI), average risk of recidivism and recommendation to participate in sex-offender treatment referenced in his psychosexual evaluation (PSE), and acceptance of accountability for possession of sexually exploitative material. When these factors, along with Harris's lack of criminal record, steady employment history, and community support are properly considered, Harris argues the district court's twenty-year cumulative sentence, with eight years determinate, is excessive.

9

The district court was sentencing Harris for charges that involved sexual conduct with two minor victims and possession of sexually exploitative material of other children. The testimony of the victims from the grand jury proceedings and the statement read by a victim advocate at the sentencing hearing detail the years of Harris's sexual conduct towards the victims, beginning when the victims were eleven and twelve years old. When law enforcement searched Harris's home, they found more than 2,900 images[4] of sexually exploitative material and internet searches involving teens and pornography. The PSE found that Harris acknowledged viewing the "barely legal" genre and described being sexually attracted to females that are between the ages of sixteen and fifty. Ultimately, the PSE found that for nearly twenty years, Harris has shown a pattern of strong sexual interests towards adolescent females.

Although the PSI placed Harris at a low risk to reoffend because of protective factors like his employment history, financial stability, support systems, accommodations, and sobriety, it also stated that Harris's PSE was not made available prior to the submission of the PSI and therefore the investigator declined to make a sentencing recommendation. The PSE gave specific and additional context to Harris's sexual proclivities and his likelihood of sexual recidivism, which included insight about Harris's lack of candor and accountability during the evaluation. The PSE noted that Harris continued to deny some behaviors that had contradictory evidence in the record, like allowing the victims to drink alcohol in his home and seeking out sexually exploitative material.

Both the PSI and the PSE had specific examples of Harris's lack of accountability, including his perception that the charges were "unfair" and that he did not understand why the victims accused him of the underlying conduct. Further, Harris denied that he ever sought out sexually exploitative material, despite the police report indicating that Harris possessed over 2,900 such images. The PSE found possession of such a large amount of sexually exploitative material was "far from unintentional." Ultimately, the PSE placed Harris in the moderate category of concern and categorized him as an average risk for sexual recidivism. The PSE found Harris had a "sexual preoccupation" and his pornography habits suggest "he still has a strong sexual interest in adolescent females," raising concern about Harris seeking out sexually exploitative material or

---

[4]    Harris argued at sentencing that "only 300 of the images were actually flagged as child pornography. The remaining were flagged as possible child pornography." This distinction is irrelevant to the opinion.

10

opportunistic situations with pubescent and prepubescent females in the future. Further, because of Harris's lack of candor and lack of accountability, the PSE had concern about his amenability to sexual-offender treatment, although it noted that generally any individual may improve his amenability over time.

Although Harris argues on appeal that he took accountability for possession of sexually exploitative material, the PSE found that "[t]hroughout the interview, it appeared Mr. Harris would have some type of excuse to explain away his behaviors" and "minimized his involvement with the index offenses." The evaluator also strongly suspected "there is a lot more to [Harris's] sexual arousal than he is willing to disclose." Harris further demonstrated a lack of accountability at the sentencing hearing by implying the pornographic images just appeared on his screen, stating: "I admit that I have--had a porn addiction at one time. I have seen images of that nature. They come up when you're surfing the web." Therefore, the record undermines Harris's claim on appeal that he accepted accountability for the charged offenses.

A complete review of the record provides ample support for the sentences imposed by the district court, and we cannot say that the cumulative sentence of twenty years, with eight years determinate, is an abuse of discretion.

## IV.

## CONCLUSION

Harris failed to obtain an adverse ruling from the district court and failed to raise a claim of fundamental error in his opening brief, thereby failing to preserve his claim on appeal that the State breached the plea agreement through the prosecutor's sentencing recommendation. Even if the claim was preserved, the State did not breach the terms of the plea agreement through the prosecutor's sentencing recommendation to the district court. Further, the district court's sentences do not constitute an abuse of discretion. Accordingly, the judgment of conviction and sentences are affirmed.

Judge GRATTON and Judge LORELLO **CONCUR**.