**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52151, 52223, & 52224**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 8, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ANN MARIE CARDWELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>; orders revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In these consolidated appeals, Ann Marie Cardwell appeals from her judgment of conviction for felony driving under the influence (DUI) and the district court's orders revoking her probation. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In Docket No. 52223, Cardwell was charged with felony DUI and obstructing an officer. In Docket No. 52224, Cardwell was charged with possession of a controlled substance and felony DUI. Cardwell pled guilty to one count of felony DUI in each case (I.C. § 18-8005(6)) and the remaining charges were dismissed. The district court sentenced Cardwell in Docket No. 52223 to a unified term of ten years, with a minimum period of confinement of five years, and in Docket

1

No. 52224 to a consecutive determinate term of ten years. The district court retained jurisdiction and sent Cardwell to participate in a rider program. After completion of the program, Cardwell's sentences were suspended and she was placed on probation.

Three days after the start of her probation, Cardwell was charged with felony DUI, obstructing an officer, driving with a suspended license, and a persistent violator sentencing enhancement (Docket No. 52151). As a result, the State filed motions for probation violations in Docket Nos. 52223 and 52224. Pursuant to a plea agreement, Cardwell pled guilty to felony DUI (I.C. § 18-8005(6)) in Docket No. 52151, admitted to violating her probation in the other two cases, and the remaining charges were dismissed.

At the change of plea hearing, the district court asked Cardwell and the State if either party was going to request a new presentence investigation report (PSI), and both parties said no. Cardwell requested the district court review the PSI from Docket No. 52223, which had been prepared approximately one year earlier, and an amended PSI prepared approximately four months prior to the change of plea hearing. Prior to sentencing, Cardwell filed motions requesting a "new" PSI and to continue the sentencing hearing for preparation of the PSI; the district court denied both motions.

At the sentencing and probation disposition hearing, Cardwell renewed her request for a new PSI and to continue her sentencing, both of which the district court denied. The district court sentenced Cardwell in Docket No. 52151 to a unified term of nine years, with a minimum period of confinement of one year, for felony DUI to run consecutively to her sentences in Docket Nos. 52223 and 52224. In Docket Nos. 52223 and 52224, the district court revoked Cardwell's probation and ordered execution of the underlying sentences. Cardwell filed I.C.R. 35 motions for reduction of her sentences in all three cases, which the district court denied. The district court issued an amended judgment of conviction, reducing Cardwell's sentence in Docket No. 52151 to a unified term of five years, with a minimum period of confinement of one year, to comply with the terms of Cardwell's plea agreement. Cardwell appeals.

## II.

## STANDARD OF REVIEW

Whether to order a new or updated presentence report is within the district court's discretion. *State v. Helms*, 130 Idaho 32, 35, 936 P.2d 230, 233 (Ct. App. 1997). When a trial

court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Cardwell challenges the denial of her motions for a new PSI and to continue her sentencing hearing. The State responds that Cardwell has failed to show that the district court abused its discretion when it denied her motions. We hold that Cardwell has failed to show the district court erred in denying her motion for a new or updated PSI and a continuance of sentencing for that purpose.

In felony cases, the trial court may forgo a PSI report only where the record affirmatively establishes a valid reason and where there is sufficient information from another source. *Helms*, 130 Idaho at 35, 936 P.2d at 233. Use of a PSI report prepared in connection with an earlier offense is not error absent a showing of some material change in circumstances. *Id*.; *State v. Powers*, 100 Idaho 614, 616, 603 P.2d 569, 571 (1979).

When the district court first asked if Cardwell or the State would be requesting an updated PSI report, both parties declined. Prior to the sentencing and probation disposition hearing, Cardwell filed a motion for a "new" PSI, explaining that she would like the district court to "have additional information as provided through a new PSI to consider at sentencing."[1] The district court denied Cardwell's motion. At the sentencing and probation disposition hearing, Cardwell renewed her motion, stating that a new PSI "would assist the court further in making its decision." However, Cardwell did not make a showing of some material change in circumstances to require a new or updated PSI report. On appeal, Cardwell asserts that she showed her circumstances had materially changed, citing to pages in the transcript that took place after the district court denied her request for a new PSI. Even if the argument presented had been made to the district court

[1] In her briefing, Cardwell repeatedly references that the State stipulated to her requests for a new or updated PSI and a continuance of sentencing. Because the State's stipulation is not relevant to the district court's exercise of discretion, we do not address it in our analysis.

when it was considering the request for a new PSI, Cardwell did not present a material change in circumstances. Cardwell stated that when she was placed on probation she was not on medication, had "no friends," and had "no family support." However, Cardwell failed to argue that any of these issues had changed since.

The PSI used by the district court was prepared approximately one year prior and included an amended PSI that was less than four months old. Because Cardwell did not make a showing of some material change in circumstances requiring a new or updated PSI, the district court did not abuse its discretion in denying her motion. Because Cardwell's request for a continuance was predicated on the district court granting her request for a new PSI, Cardwell has failed to show the district court abused its discretion in denying the motion to continue.

The district court correctly perceived Cardwell's motion for a "new" PSI and a related motion to continue as discretionary, acted within the boundaries of such discretion, acted consistently with the legal standards, and reached its decision by an exercise of reason.

## IV.
## CONCLUSION

Cardwell has failed to show the district court abused its discretion in denying her requests for a new PSI and to continue her sentencing hearing. Accordingly, her judgment of conviction for felony DUI and the orders revoking probation are affirmed.

Chief Judge TRIBE and Judge Pro Tem MELANSON, **CONCUR**.

4